USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/23/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America, | |
| –v– | 19-cr-646 (AJN) |
| Osama Ahmed Abdellatif El Mokadem, | ORDER |
| Defendant. | |

ALISON J. NATHAN, District Judge:

On January 30, 2020, Defendant was arraigned on the superseding indictment filed in the above-captioned case and entered a plea of not guilty to all charges.  *See* Dkt. No. 34 at 3.  The superseding indictment charges Defendant with an additional count not asserted in the original indictment—Count Five—which concerns a wire fraud that occurred in or about October 2019. *See* Dkt. No. 26 ¶ 4.  The conduct underlying this additional Count, to which Defendant has now pleaded guilty, was committed while Defendant was on pretrial release on the charges asserted in the original indictment.

Following the Defendant's plea of not guilty to all charges in the superseding indictment, the Government sought detention of the Defendant pending trial.  After hearing argument from the parties, the Court concluded, under 18 U.S.C. § 3148(b), that there was probable cause to believe that Defendant committed Count Five of the superseding indictment while on pretrial release and that the Government met its burden of establishing that Defendant was a flight risk and posed a danger to the community.  *See* Dkt. No. 34 at 23–24.  The Court thus ordered Defendant remanded.  *Id.* at 24.  On February 13, 2020, Defendant pleaded guilty to the bank and wire fraud charges in Counts One, Three, Four, and Five of the superseding indictment and was continued remanded.  *See* Dkt. No. 36 at 28; *see generally* Dkt. No. 26.

Defendant's sentencing has now been adjourned several times due to the COVID-19 pandemic. *See* Dkt. Nos. 43, 46, 47. It is currently scheduled to proceed by videoconference on June 25, 2020. *See* Dkt. No. 47. On June 12, 2020, Defendant filed a "motion for reconsideration of bail conditions" made pursuant to 18 U.S.C. § 3142(i). S*ee* Dkt. No. 48. However, because Defendant has already pleaded guilty, § 3142, which governs detention pending trial, does not now apply. *Cf. United States v. McDuffie*, No. 19-cr-212 (VEC), 2020 WL 1659879, at *1 (S.D.N.Y. Apr. 3, 2020). Rather, the Court construes Defendant's motion as an application for bail made pursuant to 18 U.S.C. § 3143, which governs detention pending *sentencing*. The Government opposes this motion. *See* Dkt. No. 50.

18 U.S.C. § 3143 provides that "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . [shall] be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). The Court concludes that Defendant has established by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of the community and thus orders him immediately released.

This conclusion is informed by the Court's intimate familiarity with this case. Indeed, it has now twice had occasion to consider Defendant's bail status, *see* Dkt. Nos. 24, 34, and it incorporates by reference those discussions here. Though the Court previously concluded that the Government met its burden of establishing that Defendant was a flight risk and posed a danger to the community such that detention was warranted pursuant to § 3148, it reiterated then that the question of whether Defendant's detention was necessary was a "close call." *See* Dkt. No. 34 at 24. Taking account of the COVID-19 pandemic, which had not yet reached this

country when the Court last considered Defendant's custody status, the balance now clearly and convincingly tips in Defendant's favor for two reasons. First, the Court's concerns regarding risk of flight are mitigated by the ongoing pandemic, which has understandably curtailed travel across the country, and, indeed, around the world. Any remaining concerns may be addressed through restrictive conditions of release. Second, the Court's concerns regarding dangerousness are *undermined* by the ongoing pandemic. Defendant has pleaded guilty to committing only *non-violent* financial crimes. A "comprehensive view" of the danger a given defendant poses to the community requires a consideration of the dangers to public health engendered by continuing to incarcerate a non-violent offender, like Defendant, pending his sentencing. *See United States v. Stephens*, No. 15-cr-95 (AJN), 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020). Consideration of this factor weighs heavily in favor of Defendant's release, and any concerns that Defendant might commit further financial crimes may likewise be addressed through restrictive conditions of release.

Because the Court concludes that Defendant has established by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of the community, it orders him IMMEDIATELY RELEASED. Defendant's sentencing currently scheduled for June 25, 2020 is hereby ADJOURNED. The parties shall meet and confer with one another and with Pretrial Services and propose conditions of release by June 26, 2020. At that time, the parties shall also propose a new sentencing date that allows adequate time for Defendant to prepare for his sentencing with defense counsel. The Court warns Defendant that if he violates *any* of the conditions of release the Court ultimately imposes, he will very likely be re-detained pending sentencing.

SO ORDERED.

3

Dated: June 23, 2020
      New York, New York

                                              ALISON J. NATHAN
                                   United States District Judge