# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street–10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
*Executive Director*
*and Attorney-in-Chief*

*Southern District of New York*
*Jennifer L. Brown*
*Attorney-in-Charge*

**DENIED IN PART AND GRANTED IN PART.**
The motion for bail is denied.  Movant does not present "substantial" claims.  Movant also argues that if the Second Circuit agrees with him, he nonetheless will be at risk of automatic deportation.  But if the Second Circuit agrees that the plea should be vacated the basis for automatic deportation will be eliminated.  Movant may still be at risk on the basis that he has overstayed his visit but – if so (and the Court takes no position on the issue) – that will be a function of the length of time he has remained in the United States and not as a result of his criminal conviction.  The request for bail modification is granted and movant's  ankle monitor may be removed at Pretrial Service's office on Monday, September 26, 2022 to permit him to self-surrender in Baldwin, Michigan.

9/23/2022   SO ORDERED.

LEWIS J. LIMAN
United States District Judge

September 23, 2022

**By ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: ***Armin De Goorte f/k/a Osama Ahmed Abdellatif El Mokadem v. United States*, 22 Civ. 1303 (LJL), 19 Cr. 646 (LJL)**

Dear Judge Liman:

I write in response to the Court's Order granting Mr. De Goorte a certificate of appealability but denying his request to adjourn his surrender date.  Dkt. 138.  I ask the Court to reconsider its decision as to Mr. De Goorte's bail because of "extraordinary circumstances" in his case that "make the grant of bail necessary to make the habeas remedy effective." *Mapp v. Reno*, 241 F.3d 221, 230 (2d Cir. 2001) (citations omitted).  In the alternative, I ask—at the behest of Pretrial Services—for the Court to authorize the removal of Mr. De Goorte's ankle monitor on Monday, September 26, 2022 to facilitate his voluntary surrender the next day.

In the letter I filed yesterday seeking an adjournment of Mr. De Goorte's surrender date, I neglected to explain the basis of my request for that adjournment or, as the Court rightly interpreted my motion, bail pending appeal.  Dkt. 137.  The Court has "inherent authority" to grant bail to an individual with a pending habeas petition.  *Mapp v. Reno*, 241 F.3d 221, 231 (2d Cir. 2001); *United States v. Bido*, No. 14-CR-212 (RJS), 2020 WL 2765689, at *1 (S.D.N.Y. May 28, 2020).  "[A] court considering a habeas petitioner's fitness for bail must inquire into whether 'the habeas petition raise[s] substantial claims and [whether] extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective.'"  *Mapp*, 241 F.3d at 230 (citing *Iuteri v. Nardoza*, 662 F.2d 159, 662 (2d Cir. 1981); *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 2019)).

For the reasons stated in Mr. De Goorte's original motion, Dkt. 111, 112, 116, and his request for a certificate of appealability, Dkt. 137, his petition raises substantial claims.  Moreover, extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective.  Unless Mr. De Goorte

is granted bail pending appeal of his petition, he will be forced to surrender on Tuesday to a criminal alien requirement (CAR) prison designed to help the government identify and remove non-citizens directly from the federal prison system.  Because of Mr. De Goorte's immigration status, it is possible that he could prevail on his habeas appeal and yet still be transferred to ICE custody and deported instead of released back to the community.  This outcome would render the habeas remedy completely ineffective.

Moreover, Mr. De Goorte has been out on bail since June 23, 2020, when the Court found that he had established by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of the community.  Dkt. 53.  The argument for Mr. De Goorte's continued release on bail has only grown stronger since then.  Over the last 27 months, Mr. De Goorte has lived in the community, with the restrictive conditions of home incarceration and, later, home detention enforced by location monitoring.  During that time, he has not violated the conditions of his bail or committed any crime.  The Court can rest assured that he would continue to abide by the terms of his bail during the pendency of his appeal.

If the Court denies this motion for reconsideration as to Mr. De Goorte's bail status, I ask, at the request of Pretrial Services, that the Court permit Mr. De Goorte to have his ankle monitor removed at Pretrial's office on Monday, September 26, 2022.  Mr. De Goorte is scheduled to surrender to North Lake CI, a prison in Baldwin, Michigan, on Tuesday, September 27, 2022.  To reach the prison by 2:00 p.m. that day, as the Court has directed, he and his wife will need to begin their car trip to Michigan on the 26th.  Probation asks that he come to their office that morning so that they can remove his ankle monitor.

Thank you for your consideration of these requests.

Respectfully submitted,

/s/ Ariel Werner
Ariel Werner
Assistant Federal Defender
Counsel for Armin de Goorte
917-751-2050

cc:   Brandon Thompson, Assistant U.S. Attorney
      Andrew Rohrbach, Assistant U.S. Attorney