UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

UNITED STATES OF AMERICA

        -v-

ARMIN DE GOORTE,

                    Defendant.

---------------------------------------------------------------------X

19-cr-0646 (LJL)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/01/2026

LEWIS J. LIMAN, United States District Judge:

Defendant Armin De Goorte moves for early termination of his term of supervised release, which is scheduled to expire in January 2027. Dkt. No. 145. Probation does not oppose the request and the Government defers to Probation. *Id.* at 1 n.1. The motion is granted.

Mr. De Goorte was sentenced on March 1, 2021 to a term of 24 months imprisonment and three years of supervised release following his guilty plea to two counts of wire fraud and two counts of bank fraud. *Id.* at 1. He has no prior criminal history. *Id.* at 2. He self-surrendered for service of his term of imprisonment on September 27, 2022, was released from the custody of the Bureau of Prisons on January 12, 2024, and released from the custody of Immigration and Customs Enforcement on July 2, 2024, when his green card application was granted. *Id.* at 1–2. Since his release, he has lived with his wife, secured full-time employment, worked at a second job to support his family, and remained current on his restitution obligations. *Id.* at 2. He has had no issues with Probation in the last year, has received no services through Probation since completing his cognitive behavioral therapy sessions in the fall of last year, and his check-ins with his Probation Officer are infrequent and generally remote. *Id.* As indicated, Probation has no objection to the early termination of his supervised release. *Id.*

Subsection 3583(e)(2) of Title 18 of the United States Code empowers the Court, after considering many of the factors relevant to the original imposition of sentence, to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3582(e)(2). "Subsection 3583(e)(2), in sum, requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to 'modify, reduce, or enlarge' the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997); *see also United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). Section 5D1.4 of the Sentencing Guidelines encourages the Court to terminate supervised release when, following consultation with the government and the probation officer, the Court determines that "the termination is warranted by the conduct of the defendant and in the interest of justice." U.S. Sent'g Guidelines Manual § 5D1.4(b) (U.S. Sent'g Comm'n 2025). The application notes to that policy statement set forth a series of six factors for the Court to consider. *Id.* cmt. n.1(B).

2

The Court has considered those factors.  Mr. De Goorte has done well on supervised release.  He has been full-time employed and has met his restitution obligations.  The Probation Officer has determined there is no need for continued supervision.  He has earned early termination of supervised release.  The motion is granted.  Mr. De Goorte's term of supervised release is terminated effective as of the date of this Order.

     SO ORDERED.

Dated: May 1, 2026
     New York, New York

_____
     LEWIS J. LIMAN
     United States District Judge

3